**JDGE MUKASEY**

Andrew Baum (AB-3783)
DARBY & DARBY P.C.
805 Third Avenue
New York, NY 10022
Tel    212.527.7700
Fax   212.753.6237

*Attorneys for Plaintiff*
THOMAS SHINE

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**



04 CV 8828

RECEIVED
NOV 08 2004
U.S.D.C. S.D. N.Y.
CASHIERS

---

THOMAS SHINE,

　　　　　Plaintiff,

　　v.

DAVID M. CHILDS and
SKIDMORE, OWINGS &
MERRILL, LLP,

　　　　　Defendants.

---

No. 04 Civ. _____

**JURY DEMANDED**

ECF  CASE

## COMPLAINT

Plaintiff Thomas Shine, for his complaint against the above-named defendants, alleges as follows:

### Introductory Statement

1.　　As a student at The Yale School of Architecture, Plaintiff Thomas Shine ("Shine") created designs for a unique and original skyscraper. Defendant David M. Childs ("Childs") not only examined and reviewed these designs, he commended Shine on them. Four years later, Childs and his firm Skidmore, Owings & Merrill, LLP ("SOM") copied Shine's works in designing the Freedom Tower at the site of the World

Trade Center in New York. The Freedom Tower is strikingly similar to Shine's original works, and infringes Shine's rights in these works.

## Parties

2. Thomas Shine is a resident of Massachusetts with a principal place of business at Choi + Shine, 24 Harris Street, Brookline, Massachusetts.

3. Upon information and belief, Defendant David M. Childs is Consulting Design Partner at SOM in New York with a principal place of business at 14 Wall Street, New York, New York.

4. Upon information and belief, Defendant Skidmore, Owings & Merrill, LLP ("SOM") is a New York Limited Liability Partnership with its principal place of business at 14 Wall Street, New York, New York.

## Jurisdiction and Venue

5. This is an action for copyright infringement arising under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

6. The Court has jurisdiction over the federal law claims pursuant to 28 U.S.C. §§ 1331, 1338 and 1400.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(a) and (b) because the defendants reside and/or conduct business in this judicial district and a substantial part of the events giving rise to the claims occurred in this district.

## Facts Common to All Counts

A. **Thomas Shine and his Intellectual Property**

8. In 1997, Shine enrolled in the Masters of Architecture program at the Yale School of Architecture in New Haven, Connecticut. In the fall of 1999, as part of his

required curriculum at the School of Architecture, Shine commenced an advanced studio regarding skyscrapers, taught by the well-known architect Caesar Pelli. The object of the skyscraper studio, which spanned a period of about fifteen weeks, was for each student to explore the architecture of skyscrapers, culminating with a design proposal for a skyscraper on West 32 Street in Manhattan for the 2012 Olympic games (the "studio project").

9. On or about October 1, 1997, Shine commenced on his design for the studio project. Over the course of the next several weeks Shine developed his design, creating sketches and models. This initial design phase included a model of a tower, tapering as it rose, having two straight, parallel, roughly triangular sides, connected by two twisting facades, resulting in a tower whose top was in the shape of a parallelogram. This model is entitled "Shine '99." Photographs of "Shine '99" are attached as Exhibit A. The model served as springboard for Mr. Shine's more refined architectural designs, which would further express his concept of a twisting tower.

10. On or about October 15, 1999, Shine began to design models expressing his concept of a twisting tower with a twisting exterior structural grid and a textured facade. Again, Shine prepared several sketches and models (including a three-foot tall paper model and a structural model) of his proposed design. These efforts culminated with a final architectural work entitled "Olympic Tower". This is a twisting tower with a symmetrical diagonal column grid, expressed on the exterior of the building, that follows the twisting surface created by the floor plates' geometry. The column grid creates an elongated diamond pattern, supporting a textured curtain wall with diamonds interlocking

3

and protruding to create a crenelated appearance. Photographs of Plaintiff's "Olympic Tower" are attached as Exhibit B.

11. On or about December 9, 1999, Shine made a presentation of his designs for the studio project to a panel of jurists. The panel of jurists had been invited by the Yale School of Architecture to evaluate and critique the students' work. Among the jurists who reviewed Mr. Shine's studio project were the architecture writer Paul Goldberger, Yale architecture professor Alexander D. Garvin, and defendant Childs. Over the course of about a half hour, Shine presented his studio project, explaining the novel structural design and other features and advantages. He also presented detail and structural models (including Shine '99), renderings, floor plans, elevations and sections to the jurists. During the course of Shine's presentation defendant Childs commented favorably on Shine's design. After the presentation, Defendant Childs asked questions of Shine and invited Shine to visit him after his graduation.

12. The Yale School of Architecture publishes an annual magazine called *Restropecta*, which features selected student works. Shine's studio project appeared in the *1999-2000 Retrospecta*, including images of the Olympic Tower, along with the following comment attributed to defendant Childs:

> It is a very beautiful shape. You took the skin and developed it around the form -- great!

Upon information and belief, the Yale School of Architecture sent a copy of this issue of *Retrospecta* to each of its alumni, including defendant Childs. A copy of the quoted page from *Retrospecta* is attached as Exhibit C.

13. Shine '99 and Olympic Tower are original architectural works entitled to copyright protection under Section 102(8) of the U.S. Copyright Act, 17 U.S.C. § 102(8).

Shine is the creator and author of both Shine '99 and the Olympic Tower ("Plaintiff's Works") and owns all right, title and interest to them. Plaintiff has the right to enforce Plaintiff's Works to the fullest extent provided for under United States copyright law.

14.     The original architectural work Shine '99 is the subject of United States Copyright Registration No. VAu 617-756, attached hereto as Exhibit D. The original architectural work Olympic Tower is the subject of United States Copyright Registration No. VAu 602-247, attached hereto as Exhibit E.

**B.     Defendants' Infringing Activities**

15.     Upon information and belief, defendant SOM is an international firm whose architectural practice extends from interior design to urban planning, specializing in tall buildings and large architectural works.

16.     Upon information and belief, on or about July 16, 2003, defendant Childs, Consulting Design Partner at SOM, was selected to be the design architect and project manager for the office tower (the "Freedom Tower") to be built on the site of the World Trade Center in lower Manhattan.

17.     Upon information and belief, defendant Childs, individually and in collaboration with employees of SOM, prepared an architectural design for the Freedom Tower. This design ("Defendants' Design") was first disclosed to the public in December, 2003.

18.     Defendants' design is a tower which tapers as it rises and has two straight, parallel, roughly triangular facades on opposite sides, with two twisting facades joining them. Its overall form and shape is substantially similar to the form and shape of Shine '99. Defendants' Design incorporates a structural grid which is identical to Shine's Olympic Tower: a symmetrical elongated, diagonal column grid which follows the

surface created by the twisted facades, with grid ends meeting at the base and corners of the buildings, with the grid span about ten floors between nodes and the structural grid expressed on the exterior of the building. The façade of Defendants' Design is also strikingly similar to Shine's Olympic Tower: a large, elongated, symmetrical diamond pattern, with the diamonds interlocking and protruding to create a curtain wall with a crenelated appearance. Images of Defendants' Design (taken from the websites of the Lower Manhattan Development Corporation and SOM) are attached as Exhibit F. Photographs comparing Plaintiff's Works to Defendants' Design are attached as Exhibit G.

19. Upon information and belief, Defendants' Design was copied from Plaintiff's Works without any permission or authorization from Plaintiff.

20. Defendants' Design has been adopted and is being used as the plan for the "Freedom Tower" to be built on the site of the World Trade Center in lower Manhattan. Defendants have earned, and will earn, substantial fees and professional recognition for their work in connection with this project.

21. Without permission or authorization from Shine, Defendants have publicly displayed and made and distributed copies of their infringing work.

22. The Defendants have committed the infringing acts complained of herein willfully and with conscious disregard for Shine's rights in his copyrighted works.

23. The Defendants' actions have caused damage and irreparable harm to Shine. Unless the Defendants are compelled to discontinue these actions by the Court, Shine will continue to suffer such damage and irreparable harm.

24. Shine has no adequate remedy at law.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

25. Shine incorporates by reference paragraphs 1 through 24 above, as though fully set forth herein.

26. Defendants' actions alleged herein constitute copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

27. Shine is entitled to an injunction to prevent further infringement by Defendants and further irreparable harm to himself.

28. Shine is entitled to his actual damages and Defendants' profits realized by their unlawful activity.

**WHEREFORE,** Mr. Shine prays for the following relief:

1. A judgment from the Court that Defendants have willfully infringed Shine's copyrights in Plaintiff's Works.

2. Defendants be required to compensate Shine adequately for the damages caused by their wrongful acts as set out above, as provided by 17 U.S.C. § 504.

3. Defendants be required to pay Shine all profits realized by Defendants in connection with their unlawful acts alleged herein, and that such amounts be trebled as provided by 17 U.S.C. § 504.

4. Shine be awarded such further relief as the Court deems just and equitable under the circumstances.

Plaintiff demands a trial by jury.

DATED this 8th day of November 2004.

Respectfully submitted,

By: _____
Andrew Baum (AB-3783)
DARBY & DARBY P.C.
805 Third Avenue
New York, NY 10022
Tel   212.527.7700
Fax  212.753.6237

*Attorneys for Plaintiff*
THOMAS SHINE